FILED

## United States District Court
## Northern District of Alabama
## Southern Division

01 JAN 10 AM 10: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

The Official Creditors Committee ]
of New South Realty, Inc., et al., ]
]
       Plaintiffs, ]
]     MC-00-N-1874-S
  vs. ]
]
Lapidus, Tuck & Raymond, et al., ]
]
       Defendants. ]

**ENTERED**

JAN 1 0 2001

### Memorandum of Opinion

### I.    Introduction.

This matter is before the court on motion of the defendants to withdraw the reference to Bankruptcy Court. (Doc. No. 1).   The motion has been fully briefed and is ripe for decision.  Upon due consideration, the court finds that this case falls within the "related to" jurisdiction of the bankruptcy court. Moreover, the court declines to exercise its discretionary power to withdraw the reference under 28 U.S.C. § 157. Accordingly, the motion will be denied and the bankruptcy court will be directed to submit findings of fact, conclusions of law, and a recommendation for disposition of the adversary proceeding.

### II.    Statement of Facts.

New South Realty, Inc. ("New South") filed a voluntary for reorganization under 11 U.S.C. § 101, et seq. (The "Bankruptcy Code") on February 24, 1998.  Three days later, the Official Creditors' Committee ("OCC") was formed and appointed on behalf of New South with authority to bring claims and causes of action on behalf of the debtor. Defendant Lapidus, Tuck & Raymond (LTR), an accounting firm, filed a proof of claim against the



estate, seeking fees for work previously performed for New South. In February 2000, the

OCC brought this adversary proceeding on behalf of New South, alleging that LTR was

guilty of professional malpractice, to the injury of New South. Specifically, the OCC brought

claims for negligence, breach of contract, wantonness, misrepresentation and suppression,

suppression, conspiracy to defraud, and professional malpractice.  LTR then filed the

present motion to withdraw the reference, claiming that the OCC is without standing to

bring the action, the adversary proceeding is not a core bankruptcy proceeding, and that

the bankruptcy court lacks jurisdiction. Finally, the defendants argue that considerations

of judicial economy dictate that the action should be heard in the district court in the first

instance and not by way of *de novo* review of the bankruptcy court.[1]

III.    **Standard for Motion to Withdraw the Reference.**

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [11 USC §§ 101 et seq.] and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 USCS § 157(d) (2000).  The statute contemplates both permissive and mandatory

withdrawal.  The withdrawal of a reference by the district court is discretionary if cause is

shown.  The district court must withdraw a reference if, as stated in the statute, Title 11 and

other laws affecting interstate commerce are involved.

---

[1]Ordinarily, one might agree with that proposition. This situation, however, is not unlike that which commonly and routinely takes place when major and complex litigation is referred to a magistrate judge of this court for hearing and recommendation. It is true that some "hard ball" lawyers can, and do, make matters difficult by objecting to or appealing from every action taken by a magistrate judge, just as counsel here could do with regard to this matter and the bankruptcy court. The court is confident, however, that counsel here, as officers of the court and professionals, will conduct themselves as the professionals the court has always found them to be.

IV.    **Discussion.**

A.    **Standing.**

The defendants argue that the OCC, in fact, brings claims on behalf of New South's

credit instead of the debtor, something it is not authorized to do. It is clear to the court,

however, that the OCC brings claims on behalf of New South, whatever its relationship with

New South creditors might be. A creditor's committee can sue on behalf of the debtor when

authorized by the court, as is the case here. *In re Spaulding Composites Co.*, 207 B.R. 899,

903 (9th Cir. B.A.P. 1997); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1398 (5th

Cir. 1987).

B.    **Core or Non-Core Proceeding.**

> Bankruptcy judges may hear and determine all cases under title 11 [11 USCS
> §§ 101 et seq.] and all core proceedings arising under title11 [11 USCS §§
> 101 et seq.], or arising in a case under title 11 [11 USCS §§ 101 et seq.],
> referred under subsection (a) of this section, and may enter appropriate
> orders and judgments, subject to review under section 158 of this title [28
> USCS § 158].

28 USCS § 157(b)(1).   The statute includes non-exclusive list of examples of core

proceedings. The plaintiffs claim this proceeding fits into the following categories on the list:

matters concerning the administration of the estate; allowance or disallowance of claims

against the estate; counterclaims by the estate against persons filing claims against the

estate; and other proceedings effecting the liquidation of the assets of the estate or the

adjustment of the debtor-creditor or the equity security holder relationship.  The court is not

entirely convinced. This case does not concern the administration of the estate, although

it may potentially have an impact on the administration of the case.  Further, this action

does not directly allow or disallow a claim against the estate. Additionally, this action is not

a counterclaim; it is a separate lawsuit.  Finally, although this action may provide increased

assets to the bankruptcy estate, it does not effect liquidation of assets or the adjustment

of the debtor-creditor relationship.  Therefore, this matter does not fall under any of the

listed core proceedings. However,

> [b]ecause the list in the statute is non-exhaustive, it is not the end of our
> inquiry whether the adversary proceeding was core. The most helpful
> explanation of what is a core proceeding, accepted almost universally by the
> courts, is found in the Fifth Circuit's decision in
>
> Wood v. Wood (In re Wood), 825 F.2d 90 (5th Cir. 1987):
>
>> If the proceeding involves a right created by the federal
>> bankruptcy law, it is a core proceeding; for example, an action
>> by the trustee to avoid a preference. If the proceeding is one
>> that would arise only in bankruptcy, it is also a core
>> proceeding; for example, the filing of a proof of claim or an
>> objection to the discharge of a particular debt. If the proceeding
>> does not invoke a substantive right created by the federal
>> bankruptcy law and is one that could exist outside of
>> bankruptcy it is not a core proceeding; it may be related to the
>> bankruptcy because of its potential effect, but under section
>> 157(c)(1) it is an "otherwise related" or non-core proceeding.
>
> Id. at 97 (emphasis in original), cited in Gower v. FHA (In re Davis), 899 F.2d
> 1136, 1140-41 (11th Cir.), cert. denied, 498 U.S. 981, 111 S. Ct. 510, 112 L.
> Ed. 2d 522 (1990).

In re Toledo v. Sanchez, 170 F.3d 1340, 1347 (11th Cir. 1999).  Applying the Wood test to

the instant case, the case is a non-core proceeding.  This professional malpractice action

does not involve a right created by federal bankruptcy law, nor does it arise only in

bankruptcy.  The state law claims made in this case are narrowly related to the underlying

bankruptcy action but could have been brought by the plaintiffs in state court.

As this case is a non-core proceeding, if the proceeding is otherwise related to a

Title 11 case, the bankruptcy court has jurisdiction to hear the case and report to the district

court:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but
> that is otherwise related to a case under title 11 [11 USCS §§ 101 et seq.].
> In such proceeding, the bankruptcy judge shall submit proposed findings of
> fact and conclusions of law to the district court, and any final order or
> judgment shall be entered by the district judge after considering the
> bankruptcy judge's proposed findings and conclusions and after reviewing de
> novo those matters to which any party has timely and specifically objected.

28 USCS § 157(c)(1).

### C.    Jurisdiction of Bankruptcy Court.

The Eleventh Circuit adopted the Third Circuit's test for deciding whether an action

is "related to" bankruptcy so as "to confer federal jurisdiction on the district court. 'The

usual articulation of the test for determining whether a civil proceeding is related to

bankruptcy is whether the outcome of the proceeding could conceivably have an effect on

the estate being administered in bankruptcy.  The proceeding need not necessarily be

against the debtor or against the debtor's property.  An action is related to bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and

administration of the bankrupt estate.'" *Lemco Gypsum, Inc. v. Kemira, Inc.*, 910 F.2d 784,

788 (11th Cir. 1990).

This case has a potential effect on the bankruptcy estate.  The damages gained in

this lawsuit would go into the bankruptcy estate.  Moreover, if the plaintiffs were awarded

attorneys fees, etc. for the bankruptcy action, as has been requested in this case, the

award could potentially effect the administration of the bankruptcy estate. *Cf. In re Wood*,

825 F.2d at 93-94 (finding that a lawsuit must have a *conceivable* effect on the bankruptcy estate to maintain "related to" jurisdiction).

The court is satisfied that this action "relates to" the underlying bankruptcy proceeding and that this and the bankruptcy court have jurisdiction to hear it. The motion to withdraw the reference to the United States Bankruptcy Court is **DENIED**.

Done, this _10th_ of  January, 2001.

 

 

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE